UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN MILFORT,

    Plaintiff,

v.                          Case No: 2:21-cv-366-SPC-MRM

KEVIN J. RAMBOSK, ADAM J. DILLMAN, MATTHEW A. KINNEY, MICHAEL WELDON, and BLUE MARTINI NAPLES, INC.,

    Defendants.
_____/

# ORDER[1]

Before the Court are three Motions to Dismiss filed by Defendants Blue Martini Naples, Inc. (Doc. 11), Adam Dillman and Matthew Kinney (Doc. 13), and Kevin Rambosk (Doc. 14). While Plaintiff Jean Milfort's responses are not due for a few weeks, the Court will rule on the Motions in the interest of efficiency and conserving the parties' resources.

To start, the Motions filed by Dillman, Kinney, and Rambosk are denied for failure to include a Local Rule 3.01(g) certification. Local Rule 3.01(g)

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

("Before filing a motion . . . the movant must confer with the opposing party in a good faith effort to resolve the motion."). The parties should review the new Local Rules (effective February 1), which now require conferrals on motions to dismiss. The Court cannot overstate the importance of Local Rule 3.01(g) in helping avoid needless litigation, fostering communication between the parties, and helping to resolve disputes without court intervention.

Next, the Court must grant Blue Martini's Motion. As to Blue Martini, the Complaint is a shotgun pleading.

Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules sometimes create shotgun pleading problems for everyone. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). At bottom, shotgun complaints don't "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

To put it mildly, "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.*

So when staring down the barrel of a shotgun complaint, courts should order repleading. *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings).

The Complaint commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying" the claims against Blue Martini.² *See Weiland,* 792 F.3d at 1323, 1324 n.17. Fifteen of Milfort's sixteen claims are against Dillman, Kinney, and Rambosk (or some combination of them). None are against Blue Martini. While Count 15 is against Defendant Michael Weldon (Blue Martini's manager), it is an individual capacity claim against him. In other words, there is no way to say what Blue Martini is sued for or why it is a Defendant. On repleading, Milfort must make his legal theories clear enough to put Blue Martini on notice of the claims it's defending.

That's not all. As Dillman, Kinney, and Rambosk argue, Count 9 is a "quintessential shotgun pleading." *Id.* at 1322 & n.11 (cleaned up). It adopts and incorporates all preceding—and even some succeeding—allegations and counts. The result is an abomination of a claim, which sues three defendants for nine things. Milfort must fix those types of pleading errors from the get-go. *See Shabanets,* 878 F.3d at 1295-96.

---

² The Eleventh Circuit may want to revisit this statement. Litigants commit this "rare sin" quite often.

Having concluded the Complaint is a shotgun pleading, the Court dismisses with leave to amend. *Id.* at 1296.

As a final matter, the Court notes Weldon has not appeared. Nor has Milfort filed a proof of service. Milfort still has time to serve Weldon. Fed. R. Civ. P. 4(m). But if Weldon has been served, Milfort must file proof of service as required by Local Rule 1.10(a).

Accordingly, it is now

**ORDERED:**

(1) Defendant Blue Martini Naples, Inc.'s Motion to Dismiss (Doc. 11) is **GRANTED**.

    a. The Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

    b. Plaintiff must file an amended complaint **on or before June 24, 2021**. **The failure to file an amended complaint will result in closing this case without further notice**.

(2) Defendants Adam Dillman and Matthew Kinney's Motion to Dismiss (Doc. 13) is **DENIED** for failing to comply with Local Rule 3.01(g).

(3) Defendant Kevin Rambosk's Motion to Dismiss (Doc. 14) is **DENIED** for failing to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record