UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN MILFORT and TIFFANY MILFORT,

    Plaintiffs,

v.    Case No: 2:21-cv-366-SPC-MRM

KEVIN J. RAMBOSK, ADAM J. DILLMAN, MATTHEW A. KINNEY, MICHAEL WELDON, COLLIER COUNTY, AARON SADLOWSKI, ANDREW DUNN, MICHAEL BRAWNER, CHARLES BEAIRD, JAY LIETZKE, PETER FALISI, MARK VASU, STEPHEN DAY and BLUE MARTINI NAPLES, LLC,

    Defendants.
/

**OPINION AND ORDER**[1]

Before the Court are Defendants Jay Lietzke, Peter Falisi, and Michael Weldon's ("Defendants") Motions to Dismiss for Insufficient Service of Process (Docs. 72, 73) and Plaintiffs' Response in Opposition (Doc. 104). Defendants

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

move to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

This is a civil rights action stemming from a night out at the Blue Martini Lounge in Naples. The events happened in 2017. When the Milforts filed the initial Complaint in May 2021 (Doc. 1), they named the Collier County Sheriff, two officers, a Blue Martini employee (Weldon), and the Blue Martini. Since then, the Milforts have twice amended the complaint. (Docs. 18, 29). The First Amended Complaint (Doc. 18) named the same defendants as the first, but the Second Amended Complaint (Doc. 29) added nine new defendants, including Falisi and Lietzke, employees of Blue Martini.

Turns out that Weldon, Falisi, and Lietzke, who are sued individually, no longer work for Blue Martini. Nevertheless, Plaintiffs obtained summonses to serve them through Blue Martini Lounge at a West Palm Beach address. (Docs. 6, 34-4, 34-5). The summonses for Falisi and Lietzke are addressed: "c/o Byron Gardiner" of Blue Martini. (Docs. 34-4, 34-5). Weldon, Falisi, and Lietzke move to dismiss, arguing that service on a former employee through the company is improper.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the

2

ultimate burden of proving adequate service. *Blixseth v. Disilvestri*, No. 11-22459-CIV-SEITZ/SIMONTON, 2013 WL 12063940, at *9 (S.D. Fla. Jan. 31, 2013).

The Federal Rules of Civil Procedure provide that an individual may be served under "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or, relevant here, delivering a copy of the summons and of the complaint to the individual personally. Fed. R. Civ. P. 4(e)(1)-(2). Under Florida law, "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper...." Fla. Stat. § 48.031(1)(a). A return of service is evidence of whether service is valid. *See Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015).

### A. Defendant Weldon

Plaintiffs argue that Weldon's Motion to Dismiss is untimely because he did not file it within 21 days of service of the initial Complaint (served on June 16, 2021), nor did he file it within 21 days of service of the Second Amended Complaint (served on July 22, 2021). In support, Plaintiffs cite a return of service for Weldon, dated June 16, 2021. (Doc. 89). Yet that document is a "Return of Non-Service" for Weldon, where the process server affirmed that he could not serve Weldon. (Doc. 89). Thus, because Weldon has not been served,

and the time to do so has expired under Fed. R. Civ. P. 4, there is nothing to dismiss, and the Motion to Dismiss will be denied as moot.

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court will order Plaintiffs to show cause why the case should not be dismissed against Weldon for failure to serve him. *See* Local Rule 3.10.

### B. Defendants Falisi and Lietzke

Plaintiffs seemingly concede that Falisi and Lietzke were not properly served, arguing that the motions should be denied as premature because the 90-day clock to serve Falisi and Lietzke has not yet run. True, the Second Amended Complaint naming the two former employees for the first time was filed on July 22, 2021. But Plaintiffs already obtained a summons to serve them through Blue Martini in West Palm Beach and filed a return of service for both (Docs. 84, 86). Under Federal Rule of Civil Procedure 4(a)(2), the Court "may permit a summons to be amended." Plaintiffs have not moved for the issuance of an amended summons and the 90-day clock runs on October 20, 2021. Because Plaintiffs still have time to properly serve Falisi and Lietzke, the Court denies the Motion to Dismiss without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendants Jay Lietzke and Peter Falisi's Motion to Dismiss for Insufficient Service of Process (Doc. 72) is **DENIED WITHOUT PREJUDICE**.

2. Defendant Michael Weldon's Motion to Dismiss for Insufficient Service of Process (Doc. 73) is **DENIED AS MOOT**.

3. The Court **ORDERS** Plaintiffs to show cause on or before **October 18, 2021**, why this case should not be dismissed for failure to serve and failure to prosecute as to Defendant Michael Weldon. **Failure to comply with this Order will result in the dismissal of this action against Michael Weldon without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 14, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record