UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN MILFORT and TIFFANY MILFORT,

    Plaintiffs,

v.    Case No: 2:21-cv-366-SPC-MRM

KEVIN J. RAMBOSK, ADAM J. DILLMAN, MATTHEW A. KINNEY, COLLIER COUNTY, AARON SADLOWSKI, ANDREW DUNN, MICHAEL BRAWNER, CHARLES BEAIRD, JAY LIETZKE, PETER FALISI, MARK VASU, STEPHEN DAY, and BLUE MARTINI NAPLES, LLC,

    Defendants.
_____/

## OPINION AND ORDER[1]

This is a civil rights action stemming from a night out at the Blue Martini Lounge in Naples. The action started with a Complaint filed by Jean Milfort against five defendants. (Doc. 1). Motions to dismiss were filed (Docs. 11, 13, 14), and a shotgun pleading argument succeeded. The initial Complaint

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

was a shotgun pleading in two ways: (1) it asserted multiple claims against multiple defendants without specifying the claims against Blue Martini, and (2) count nine adopted the allegations of all preceding paragraphs. The Court dismissed the initial Complaint (Doc. 1) as a shotgun pleading with leave to amend. (Doc. 17).

Jean Milfort filed an Amended Complaint. (Doc. 18). Another round of motions to dismiss rolled in, all arguing that the Amended Complaint was a shotgun pleading. (Docs. 22, 25, 26). Plaintiffs responded by filing a Second Amended Complaint (Doc. 29), and the motions to dismiss were mooted. The Second Amended Complaint names a new plaintiff (Tiffany Milfort), adds ten defendants, and adds five claims. Yet another round of motions to dismiss were filed and are pending. All make the shotgun pleading argument. (Docs. 45, 46, 64, 70, 71, 114). This time, Plaintiffs responded (Docs. 97, 98, 99, 103, 105).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate Rule 8 because "fail[s]. . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" and "waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on appellate court dockets, and undermine[s] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291,

1295 (11th Cir. 2018) (citations omitted). *See also Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings).

The Second Amended Complaint commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying" the claims against the defendants. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1324 n.17 (11th Cir. 2015). This is particularly problematic here because Plaintiffs bring claims against both private entities and state actors. Indeed, it appears that Plaintiffs tried to separate claims among the private and public actors by bringing claims under both Florida law and Section 1983. But both categories of claims are sometimes brought against all Defendants. For example, Plaintiffs allege that all Defendants unlawfully restrained Plaintiffs by "restraining, handcuffing, and confining them to jail cells," but there are no factual allegations that Blue Martini and its employees did so, nor is it plausible to infer that they did so under the facts. (*see, e.g.*, Doc. 29 at ¶ 116). What is more, Plaintiffs sue the Defendants in their individual and official capacities (Doc. 29 at ¶¶ 13, 19-20), but each count fails to specify in what capacity the Plaintiffs are suing. Such pleading is crucial to putting the Defendants on notice of the claims against them. Generally, "plaintiffs have a duty to make plain who they are suing and to do so well before trial." *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047

(11th Cir. 2008) (internal quotation omitted). In Section 1983 cases, a plaintiff should "state explicitly in what capacity defendants are being sued[.]" *Id.* (internal quotation omitted). "The main concern of a court in determining whether a plaintiff is suing defendants in their official or individual capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued." *Id.*

The Court thus dismisses the Second Amended Complaint as an impermissible shotgun pleading. The Court, however, will grant Plaintiffs leave to file a third amended complaint.[2] "Litigants are entitled to at least one change to remedy the deficiencies that render a complaint an impermissible shotgun pleading." *Blochowicz v. Wilkie,* 853 F. App'x 491, 493 (11th Cir. 2021). Arguably, Plaintiffs have been afforded one opportunity to amend after they were put on notice of the shotgun pleading issue when the Court dismissed the initial Complaint. (Doc. 17). But giving Plaintiffs the benefit of the doubt, since the initial Complaint this case has morphed from a single plaintiff, five defendants, and fifteen claims, to two plaintiffs, fifteen defendants, and twenty claims, compounding the shotgun pleading problems. Given this, the Court will afford Plaintiffs a second opportunity to comply with

---

[2] The Second Amended Complaint references a "Defendant Buro," which is a defendant in another case Plaintiffs' counsel is litigating in the Middle District. *See Pinto v. Collier Cnty.*, 2:19-cv-551-JLB-MRM. Plaintiffs should delete any references to Buro in the amended complaint. That case had its own shotgun problems. *See Pinto*, 2019 WL 5722172 (M.D. Fla. Nov. 5, 2019); 2020 WL 2219185 (M.D. Fla. May 7, 2020).

the Federal Rules of Civil Procedure. The third amended complaint should not sidestep the prohibition against shotgun pleadings. For a thoughtful discussion of the Eleventh Circuit's thirty-five-year history of condemning shotgun pleadings and the role lawyers and district courts "play in paring down unwieldly pleadings," see *Barmapov v. Amuial,* 986 F.3d 1321, 1326-32 (11th Cir. 2021) (Tjoflat, J.).

**If the complaint remains a shotgun pleading after amendment, the Court will dismiss it on this basis alone**. See *Jackson v. Bank of Am.,* 898 F.3d 1348, 1357 (11th Cir. 2018) (stating that district courts retain the authority to dismiss a shotgun pleading on that basis alone); *Weiland,* 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").[3]

Accordingly, it is now

**ORDERED:**

---

[3] Given this conclusion, it is unnecessary to reach Defendants' other contentions right now. Of course, Plaintiffs may remedy any deficiencies when amending. And Defendants may reraise any issues still relevant after repleading.

Defendants' Motions to Dismiss (Docs. 45, 46, 64, 70, 71, 114) are **GRANTED** to the extent that they seek dismissal on shotgun pleading grounds.

1. The Second Amended Compliant (Doc. 29) is **DISMISSED without prejudice**.

2. Plaintiffs may file a third amended complaint that corrects the pleading deficiencies identified in this Opinion and Order by **November 24, 2021**. **If no Third Amended Complaint is filed, this case will be closed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 3, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record