UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN MILFORT and TIFFANY
MILFORT,

     Plaintiffs,

v.                               Case No.:  2:21-cv-366-SPC-MRM

KEVIN J. RAMBOSK, ADAM J.
DILLMAN, MATTHEW A.
KINNEY, COLLIER COUNTY,
AARON SADLOWSKI, ANDREW
DUNN, MICHAEL BRAWNER,
CHARLES BEAIRD, JAY
LIETZKE, PETER FALISI, MARK
VASU, STEPHEN DAY, BLUE
MARTINI NAPLES, LLC, and
BLUE MARTINI NAPLES, INC.,

     Defendants.

_____/

## **OPINION AND ORDER**[1]

     Before the Court is Defendants' Motions to Dismiss (Docs. 122, 123, 124,

125), which all argue in part that the Third Amended Complaint (Doc. 121) is

a shotgun pleading.  Plaintiffs responded (Docs. 126, 127, 128, 129).  The Court

dismisses the Third Amended Complaint as a shotgun pleading.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using
hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties
or the services or products they provide, nor does it have any agreements with them.  The
Court is also not responsible for a hyperlink's availability and functionality, and a failed
hyperlink does not affect this Order.

## BACKGROUND

This is a civil rights action stemming from a night out at the Blue Martini Lounge in Naples involving the Plaintiffs, Blue Martini employees, and Collier County Sheriff officers. The case started with a Complaint filed by Jean Milfort against five defendants. (Doc. 1). Motions to dismiss were filed (Docs. 11, 13, 14), and a shotgun pleading argument succeeded. The initial Complaint was a shotgun pleading in two ways: (1) it asserted multiple claims against multiple defendants without specifying the claims against Blue Martini, and (2) count nine adopted the allegations of all preceding paragraphs. The Court dismissed the initial Complaint (Doc. 1) with leave to amend. (Doc. 17). The Court explained why the Complaint was a shotgun pleading so Plaintiff could fix the deficiencies.

Jean Milfort filed an Amended Complaint. (Doc. 18). Another round of motions to dismiss rolled in, all arguing that the Amended Complaint was a shotgun pleading. (Docs. 22, 25, 26). Plaintiffs responded by filing a Second Amended Complaint (Doc. 29), and the motions to dismiss were mooted.

The Second Amended Complaint added a new plaintiff (Jean's wife, Tiffany Milfort), ten defendants, and five claims. Yet another round of motions to dismiss were filed, all making a shotgun pleading argument. (Docs. 45, 46, 64, 70, 71, 114). The motions succeeded. The Court dismissed the Second Amended Complaint as a shotgun pleading because it alleged counts against

Defendants collectively without identifying how each Defendants' actions violated Plaintiffs' rights. (Doc. 116). The Court also noted that each count failed to specify in what capacity Plaintiffs are suing. Although arguable that Plaintiffs were already afforded their one opportunity to amend after they were put on notice of the shotgun pleading issue, because several parties and claims had been added, the Court allowed Plaintiffs to amend yet again. (Doc. 116 at 4-5). Plaintiffs filed a thirteen-count Third Amended Complaint, naming fourteen defendants. (Doc. 121). Another round of motions to dismiss were filed and are pending. All make the shotgun pleading argument.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate Rule 8 because "fail[s]. . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" and "waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on appellate court dockets, and undermine[s] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). *See also Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings). A district court has "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some

3

circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

## DISCUSSION

The Third Amended Complaint commits the "relatively rare sin" of bringing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at 1321-23. The Third Amended Complaint is divided into sections and most of the first one-hundred paragraphs are under the heading "Factual Charges." Plaintiffs say they associate a particular set of facts with its corresponding cause of action, but they do not. (Doc. 129 at 11). All one-hundred paragraphs are incorporated into each count. The problem is that Plaintiffs refer to Defendants using different labels throughout the Third Amended Complaint, making it impossible for each defendant to know which allegations are brought against them. For example, Plaintiffs allege "Defendants [] caused criminal prosecutions to be initiated," (Doc. 121 at 24), but later allege "Defendants, including Dillman, Kinney, Sadlowski, Dunn, Brawner and Beaird, arrested and maliciously prosecuted" them (Doc. 121 at 26). As argued by Defendants, the "including" language is confusing because it isn't clear if the allegations apply to all defendants or the defendants named in the paragraph.

4

Under the counts, Plaintiffs bring many of the claims against the "individual CCSO defendants."  Some counts are noted to be against "individual CCSO defendants," while others are brought against "All Defendants," while still others are brought against "All CCSO Defendants." And still other Counts refer to Defendants by name only.  But all counts incorporate the first one-hundred paragraphs, which include factual allegations that have nothing to do with the defendants against whom the count is alleged.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "[m]any of the factual allegations appear to relate to only one or two counts, or to none of the counts at all," so "a reader of the complaint must speculate as to which factual allegations pertain to which count").  Additionally, Counts 3 and 8 are brought "against all Defendants" but then include allegations against the "individual Defendants," the "individual CCSO Defendants" and the "individual Blue Martini defendants."  (Doc. 121 at 31, 38).  Count 6 states the claim is "against all CCSO Defendants" but then includes allegations against a singular "Defendant" and the "individual CCSO Defendants."  (Doc. 121 at 35).  In short, the collective or group pleading does not give each defendant "fair notice of the allegations against" them and the grounds on which the claims rest.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins.*, 953 F.3d 707, 732 (11th Cir. 2020).

Plaintiffs argue their pleading is appropriate because each Defendant engaged in "substantially similar or identical behavior forming the basis of the allegations against them." (Doc. 128 at 10). Indeed, group pleading is appropriate sometimes without skirting the shotgun pleading rule. *State Farm*, 953 F.3d at 733. For instance, collective allegations are permissible when a "complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." *Id.* (citation omitted). But here, the result is problematic for a couple of reasons.

First, the allegations just don't support Plaintiffs' argument. The two groups of Defendants (the Collier County Sheriff and its officers, and the Blue Martini companies and employees) are alleged to have engaged in very different behavior at different points in the timeline. Blue Martini first engaged with Plaintiffs at the lounge, called the police, the police arrive, and later the police were involved in an altercation with the Milforts in the parking garage and arrested them. There are no allegations that the Blue Martini employees handcuffed Plaintiffs or arrested them. So, grouping them together based on the argument that their conduct is substantially similar or identical is a non-starter.

Second, the individual officers raise qualified immunity as an immunity from suit here. (Doc. 123). They are each entitled to a decision on that matter as soon as possible. *E.g.*, *Simmons v. Bradshaw*, 879 F.3d 1157, 1162 (11th

Cir. 2018). "In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Carruth v. Bentley*, 942 F.3d 1047, 1054 (11th Cir. 2019) (internal quotation marks and citation omitted). "To defeat qualified immunity, '(1) the relevant facts must set forth a violation of a constitutional right, and (2) the defendant must have violated a constitutional right that was clearly established at the time of defendant's conduct.'" *Id.* (quoting *Taylor v. Hughes*, 920 F.3d 729, 732 (11th Cir. 2019)). Importantly, "each defendant is entitled to an independent qualified-immunity analysis as it relates to his or her actions and omissions." *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). And courts "evaluate a given defendant's qualified-immunity claim, considering only the actions and omissions in which that particular defendant engaged." *Id.*

Yet the Court cannot decide that issue given the Third Amended Complaint's shotgun nature. Without pure speculation about who did what, the Court cannot determine the conduct each officer allegedly engaged in to violate Plaintiffs' rights. Perhaps the Court could—like the Third Amended Complaint and briefing—analyze qualified immunity for the officers collectively. To engage in that hodgepodge analysis can lead to a flawed result though. *E.g.*, *Norris v. Williams*, 776 F. App'x 619, 622 (11th Cir. 2019) (per curiam) (reversing a decision that treated defendants collectively and assumed

each defendant participated in every action).  What's more, it is not the Court's job to help Plaintiffs' bear their burden by hunting through the Third Amended Complaint to cobble together an argument to defeat qualified immunity.

The same deficiencies were present in two prior iterations of the complaint, which the Court warned were shotgun pleadings.  The Court clarified that "**[i]f the complaint remains a shotgun pleading after amendment, the Court will dismiss it on this basis alone**." (Doc. 116 at 5) (emphasis in original).  The Court gave Plaintiffs instructions on how to modify the complaint to comply with the Federal Rules.  Despite notice and instructions on how to avoid dismissal, and an opportunity to replead, Plaintiffs filed another shotgun pleading.  "What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them.  If that chance is afforded and the plaintiff fails to remedy; the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).  Because the Third Amended Complaint still exhibits the shotgun problems identified by the Court, the case is dismissed with prejudice.

Plaintiffs have filed no motion to amend, instead they made a request to amend at the end of their Responses.  "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1).  "Where a request for leave to file an

amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quoted authority omitted).  "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1285, 1279 (11th Cir. 1999).

At bottom, Plaintiffs do not explain why the Court should depart from the Eleventh Circuit's directive to dismiss a shotgun pleading with prejudice after the Court has pointed out the defects in the complaint, the complaint has been amended once, and the complaint remains a shotgun pleading.  *See Jackson*, 898 F.3d at 1359.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 122, 123, 124, 125) are **GRANTED** to the extent that the Third Amended Complaint is dismissed with prejudice as a shotgun pleading.

2. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiffs.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 14, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record